STATE v. A. ZONETTI.

October Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed October 18, 1907.

*Game Laws—No. 130, Acts 1904—Dogs Running at Large—
Facts Not Within Statute.*

In a prosecution under No. 130, Acts 1904, providing that dogs of
the breed commonly used for hunting deer, moose, or caribou,
and dogs of other varieties that are known to follow deer, moose,
or caribou, shall not be permitted by the owner or keeper
thereof to run at large in the forests inhabited by such animals;
and that, if any such dog be found hunting, pursuing, or killing
any such animal, it shall be *prima facie* evidence of a breach of
the statute by the owner or keeper, and, on conviction, subject
him to a fine, it was error to adjudge the respondent guilty,
where it appeared that his dog was a beagle hound, a breed that
is bred and trained solely to hunt rabbits, and was never known
before to hunt, pursue, or trail deer, and that neither moose nor
caribou inhabit the forest in question.

INFORMATION against the owner of a dog for allowing him
to run at large in violation of No. 130, Acts 1904. Heard on an
agreed statement of facts at the March Term, 1907, Washing-
ton County, *Miles, J.,* presiding. Judgment, strictly *pro forma,*
that the respondent is guilty. The respondent excepted. The
following is the agreed statement:

"Zonetti, the respondent in the above entitled cause, on
the 26th day of December A. D. 1905, was a resident of the city
of Barre in the county of Washington and State of Vermont;
that on the 26th day of December, 1905, the date alleged in the
complaint, the respondent was the owner and keeper of a cer-
tain tan colored dog, viz.: a beagle hound; that said dog was duly
licensed, and had a collar around its neck, with the name and
residence of the said respondent, and the number of the license
plainly marked thereon; that the respondent had complied with

all the requirements of the law, with reference to having said dog licensed, properly collared and numbered; that said beagle hound is of the breed of dogs that are bred and trained solely to hunt and pursue rabbits; are smaller in size than the fox hound, stag, or deer hound; that the respondent on divers occasions heretofore had used said dog in the hunting of, and in the pursuit of rabbits, and that said dog was never known to hunt, pursue, or trail deer; that on several occasions prior to the date alleged in said complaint, said dog had pursued and run rabbits in the woods where fresh deer tracks were plentiful, but never to the respondent's knowledge did the said dog ever trail, pursue, or hunt deer; that the respondent had hunted rabbits with the said dog in the same forests or woods in the said town of Marshfield, but that the respondent did not know and had no reason to know that said dog chased deer; that on the day in question, the respondent took said dog, which he tied to a sleigh, and drove to said town of Marshfield; that he took said dog and led him into forests or woods, and upon discovering fresh rabbit tracks allowed the dog to go in pursuit and on the track of said rabbit; that during the day the respondent shot several rabbits; that the last time the respondent saw said dog, he was on the track of, and in pursuit of a rabbit, but that some time later without the knowledge or consent of the respondent, said dog was seen in pursuit of deer in said forests in said town of Marshfield; that the respondent had no knowledge of the fact that said dog was on the trail of a deer at the time he was seen by others in the alleged pursuit of said deer; that there are certain forests or woods in the said town of Marshfield, but no moose or caribou inhabit said woods or forests; that deer are frequently seen in said forests or woods in said town of Marshfield.''

*Richard A. Hoar* for the respondent.

Respondent's dog was not ''running at large'' within the meaning of the statute. That phrase means strolling without restraint or confinement, or wandering, rambling, or roving at will, unrestrained. As was said in *Wright* v. *Clark*, 50 Vt. 130, ''The trained hound when pursuing the fox or deer with, and at his master's bidding, is no more strolling without re-

straint, or wandering, rambling, or roving at will than a boy while going on an errand at his master's command * * *" *Presuall* v. *Raney,* (Tex.) 27 S. W. 200; *Smith* v. *Kansas City et al.,* 58 Iowa 622; *Stephenson* v. *Ferguson,* 30 N. E. 714; *Juliene* v. *City of Jackson,* 69 Miss. 34; *Montgomery* v. *Breed,* 34 Wis. 649; *Cole* v. *Burns,* 21 Hun. 246.

*Benjamin Gates,* State's Attorney, for the State.

The agreed statement shows that, under the decisions of this Court, respondent permitted his dog to hunt and pursue the deer in question, that he allowed the dog to get beyond his control. *State* v. *Niles,* 78 Vt. 266; *Russell* v. *Cone,* 46 Vt. 600; *Wright* v. *Clark,* 50 Vt. 130; 26 Minn. 154; 2 Cyc. 443-444; *Jennings* v. *Wing,* 63 Me. 468; *Bruce* v. *White,* 4 Gray 345; *Com.* v. *Dow,* 10 Met. 482.

Rowell, C. J. The statute is that dogs of the breed commonly used for hunting deer, moose, or caribou, and dogs of other varieties that are known to follow deer, moose, or caribou, shall not be permitted by the owner or keeper thereof to run at large in forests inhabited by such animals; and that if any such dog shall be found hunting, pursuing, or killing any such animal, it shall be *prima facie* evidence of a breach of the statute by the owner or keeper, and, on conviction, subject him to a fine.

But the agreed facts on which the respondent was adjudged guilty below do not bring his dog within the statute, for they do not show that it belonged to a breed commonly used for hunting deer, moose, or caribou, nor that it belonged to any other variety that is known to follow those animals; but on the contrary they show that it was a beagle hound, a breed that is bred and trained solely to hunt and pursue rabbits, and was never known before to hunt, pursue, or trail deer, and that neither moose nor caribou inhabit the forest in question.

*Judgment reversed; judgment that the respondent is not guilty, and he is discharged and let go without day.*